# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### RONNIE RAY HOOVER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 18024     Leon Burns, Jr., Judge**

---

**No. E1999-01114-CCA-R3-PC - Decided**
**April 24, 2000**

---

In this post-conviction appeal following convictions for vehicular homicide by intoxication and vehicular assault, the petitioner, Ronnie Ray Hoover, claims that his attorney was ineffective for failing to interview the only defense witness until the morning of trial and failing to visit the scene of the accident.  The petitioner also states numerous other grounds for post-conviction relief in his statement of the issues but does not present these grounds in the argument section of his brief.  We view those issues not presented in the argument section to be meritless, and we further hold that with respect to the issues presented, the petitioner has failed to demonstrate prejudice.  Thus, we affirm the trial court's denial of the post-conviction petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIPTON, J. delivered the opinion of the court, in which WITT and OGLE, JJ., joined.

John E. Appman, Jamestown, Tennessee, for the appellant, Ronnie Ray Hoover.

Paul G. Summers, Attorney General & Reporter; R. Stephen Jobe, Assistant Attorney General; William Edward Gibson, District Attorney General; and Anthony J. Craighead, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Ronnie Ray Hoover, appeals as of right from the Cumberland County Criminal Court's denial of his petition for post-conviction relief.  The petitioner was convicted by a jury for vehicular homicide by intoxication, a Class C felony, and vehicular assault, a Class D felony.  As a Range III, persistent offender, the petitioner received sentences of fifteen and twelve years, respectively, to be served concurrently.  The convictions were affirmed on direct appeal. State v. Ronnie Ray Hoover, No. 03C01-9507-CC-00199, Cumberland County (Tenn. Crim. App. Sept. 4, 1996).  The petitioner contends that he received the ineffective assistance of counsel.  We affirm the trial court's denial of the petition.

The facts underlying the convictions, as stated in this court's opinion on direct appeal, are

as follows:

> These convictions are the result of a motor vehicle collision which occurred at approximately 5:20 p.m. on Sunday August 15, 1993, on Shotgun Road– an asphalt road in southwest Cumberland County. Appellant was traveling west in his pickup truck when he made a left turn to go into his driveway. In doing so, Appellant's vehicle was struck by an east-bound motorcycle carrying two teenage boys. Michael Frazier, the seventeen-year-old driver of the motorcycle, was transported to a nearby hospital where he soon died of an aortic rupture caused by the collision. John Kelley, one of Michael Frazier's best friends, was the passenger on the motorcycle. As a result of his injuries, Mr. Kelley was hospitalized for three or four days during which time surgery was performed on his knee and ankle.

Evidence at the trial showed that the petitioner had a blood alcohol content level of .17 percent two hours after the accident. The petitioner's theories were (1) that he took a substantial drink of moonshine immediately before the accident; thus, he was not impaired at the time of the accident but only later and (2) that the motorcycle was traveling at a high rate of speed, and whether he was impaired or not, he did not have enough time to react in order to avoid the collision.

At the evidentiary hearing, the petitioner's argument focused upon his trial attorney's failure to conduct an adequate investigation. The attorney testified that although he did not interview witnesses, his investigator did. He recalled his investigator interviewing Landon Wyatt, the petitioner's brother-in-law. Mr. Wyatt reported to the investigator that the motorcycle was traveling at about fifty-five miles-per-hour when the crash occurred, and Mr. Wyatt testified to this at trial. The attorney testified at the evidentiary hearing that he did not interview the petitioner's wife, Catherine Frazier Hoover, and had no recollection of interviewing the petitioner's sister, Joyce Brewer. The attorney testified that he was able to present the defense theory through cross-examination of the state's witnesses. He testified that he was able to elicit from the investigating officer that the officer had checked the box on his report stating that the petitioner was not impaired. He further testified that the state's accident reconstructionist admitted that it was possible the petitioner had only 3.28 seconds to react to the oncoming motorcycle.

Landon Wyatt testified at the evidentiary hearing that he spoke with the investigator for the petitioner's attorney once over the telephone. He said that he spoke with the petitioner's attorney on the morning of trial. He stated that he testified at trial that the motorcycle was traveling at about fifty-five miles-per-hour.

Joyce Brewer, the petitioner's sister, testified that she smelled alcohol on the petitioner's breath immediately after the accident and that the petitioner seemed to become increasingly impaired after the accident. She acknowledged that the petitioner did not want her to testify at trial.

Catherine Frazier Hoover testified that immediately after the accident, she saw a jar of moonshine in her house. She said that the jar was almost full and that she poured it out. Ms. Hoover admitted that she smelled alcohol on the petitioner before the accident and had refused to ride with the petitioner. She admitted that she testified at trial that the petitioner was under the influence before the accident.

The petitioner testified that on the afternoon of the accident, he decided to take a jar of moonshine to his uncle who was visiting from Indiana. He said that he drove about one and one-half miles from his house and decided not to deliver the moonshine. He testified that he pulled off the road and took "a big drink" of the moonshine. He said that he then drove back to his house and that the wreck occurred as he was pulling into his driveway. He testified that he took the moonshine to his house after the accident.

Upon the foregoing proof, the trial court denied the post-conviction petition. With respect to the petitioner's allegation that his trial attorney failed to conduct an adequate investigation by not interviewing and calling crucial witnesses, the trial court found that:

> In light of the evidence in the case, and in light of the evidence that was presented on behalf of the Defendant through the State's witnesses, [the attorney] made a tactical decision to call only the one witness, believing that there was other evidence . . . to support his theory through the State's witnesses. . . . I don't believe it can be said that the Defendant was prejudiced because the proof was already in there, in the record.

> . . . .

> Obviously, there was an effort made on behalf of -- by counsel and by the investigator to determine what the allegations were, to determine what the facts were, determine what the proof would be, and to present the best defense available, and I'm of the opinion that counsel did that, and I cannot find that his deficiencies, if any, prejudiced the Defendant.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n. 2 (Tenn. 1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

We also note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

In a post-conviction case, the burden is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). "The findings of fact of the trial judge on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence in the record preponderates against those findings." Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997) (citation omitted); see also Richard C. Taylor v. State, No. 01C01-9709-CC-00384, Williamson County, slip op. at 26 (Tenn. Crim. App. July 21, 1999) (noting that a jury verdict is inherently the jury's answer to a mixed question of fact and law); but see State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999) (stating that "the issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact" requiring a de novo review).

Initially, we note that in the "Issues Presented for Review" section of the petitioner's brief, the petitioner lists numerous grounds upon which he alleges ineffectiveness by his trial attorney. The petitioner contends that his attorney was ineffective for calling only one witness whom he interviewed only minutes before trial; failing to interview witnesses who would have said that the petitioner turned into the driveway as usual; failing to examine the vehicle's damage to show that the motorcycle had to have been traveling at a high rate of speed; failing to secure an accident reconstructionist; failing to secure an expert to testify about the effects of alcohol on the brain and body; failing to explain to the defendant his right to testify; failing to interview the defendant's father and sister; and failing to interview the person who sold the victim his motorcycle to show that the motorcycle had no brakes when it was sold.

Despite raising these myriad claims, the only issues the petitioner pursues in the argument section of his brief are the attorney's failure to visit the scene of the accident and failure to speak with Landon Wyatt until the morning of trial. Nevertheless, we have reviewed the unargued issues in light of the entire record. Many of the allegations are directly refuted by proof at the evidentiary hearing, and we view all of the unargued issues to be without merit.

As to the issues the petitioner argues, we view them to be without merit as well. The petitioner has simply failed to demonstrate prejudice. Although he complains that his attorney did not speak with Landon Wyatt until the morning of trial, testimony from the evidentiary hearing showed that the attorney's investigator did speak with Mr. Wyatt before trial and learned that Mr. Wyatt estimated the victims' motorcycle to be traveling at about fifty-five miles-per-hour. Mr. Wyatt testified to this at trial, and the petitioner does not explain what additional information his attorney could have received from Mr. Wyatt that would have affected the outcome of the trial. Furthermore, although the petitioner argues that his attorney should have visited the accident scene, he again fails to demonstrate how this would have benefitted him at trial. The petitioner has not shown that the record preponderates against the trial court's findings.

In consideration of the foregoing and the record as a whole, we affirm the trial court's denial of the post-conviction petition.